UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RPG RECEIVABLES PURCHASE GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WKW ERBSLOEH NORTH AMERICA, LLC ) <br> ) <br> Defendant. ) | Case No. _____ |

# COMPLAINT

Plaintiff RPG Receivables Purchase Group, Inc. ("RPG"), by and through the undersigned counsel, asserts the following Complaint against Defendant WKW Erbsloeh North America, LLC ("WKW"). In support of its Complaint, RPG avers as follows:

## PARTIES

1. RPG is a Canadian corporation with its principal place of business in Ontario, Canada.

2. WKW is a limited liability company organized under the laws of the State of Alabama with its principal place of business in Pell City, Alabama.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), as RPG is a citizen of a foreign state, WKW is a citizen of Alabama, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the United States District Court, Northern District of Alabama, Middle Division under 28 U.S.C. § 1391, as WKW resides in this District, a substantial part of

the events or omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and WKW is subject to personal jurisdiction of this Court.

## FACTS

5. WKW is an automotive component manufacturer located in Pell City, Alabama.

6. WKW obtained services from Butcher Industrial Finishings, Inc. and/or Butcher Specialty Coatings, Inc. (collectively, "Butcher") to paint and coat automotive component parts (car doors) manufactured by WKW.

7. In December of 2016, RPG entered into a factoring arrangement with Butcher whereby Butcher sold to RPG its right to payment under present and future accounts receivable.

8. Creating a valid assignment of Butcher's present and future accounts receivable, Butcher exercised its transfer rights in its accounts receivable and executed a security agreement providing a description of its present and future accounts receivable assigned to RPG in exchange for value given.

9. On January 4, 2017, and again on January 17, 2017, RPG provided written notice to WKW of the assignment of Butcher's accounts receivable to RPG directing payment for services rendered by Butcher and delivered to WKW or its customers to be made directly to RPG. A true and correct copy of the Notification of Assignment provided to WKW is attached hereto as Exhibit A.

10. On or about January 19, 2017, ratifying Butcher's valid assignment of its accounts receivable to RPG, WKW began making payments directly to RPG for Butcher's services in painting and coating car doors delivered to WKW or its customers.

11. Between January 19, 2017 and March 2, 2017, WKW made $279,897.97 in payments to RPG for services performed by Butcher in painting and coating car doors delivered to WKW or its customers.

12. Beginning on March 8, 2017, Butcher informed its clients that it was ceasing operations.

13. Since receiving notice that Butcher was ceasing operations, WKW has refused to pay RPG for the component parts painted and coated by Butcher and delivered to and accepted by WKW or its customers.

14. WKW has refused payment of at least thirty-seven (37) separate invoices issued from November 24, 2016 through March 17, 2017 for component parts painted and coated by Butcher and delivered to and accepted by WKW or its customers.

15. WKW owes $468,991.99 to RPG for component parts painted and coated by Butcher and delivered to and accepted by WKW or its customers.

## COUNT ONE

## BREACH OF CONTRACT

16. RPG adopts and incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

17. WKW and Butcher were parties to a valid contract for Butcher to perform services for WKW in exchange for payment.

18. Butcher validly assigned its right to payment for present and future accounts receivable to RPG.

19. WKW received written notice of the assignment of accounts receivable to RPG with instructions to pay RPG directly for services performed by Butcher.

20. WKW ratified the assignment by making payments to RPG for services performed by Butcher.

21. After receiving notice that Butcher was ceasing operations, WKW breached its contractual responsibility to make payments to RPG for services performed by Butcher and delivered to and accepted by WKW or its customers.

22. As a result of WKW's breach of contract, RPG has been damaged in the amount of $468,991.99, plus other consequential and incidental damages.

WHEREFORE, PREMISES CONSIDERED, RPG demands judgment against WKW in the amount of $468,991.99, plus interest, costs, attorneys' fees, and any other relief to which it may be entitled.

## COUNT TWO

## ENFORCEMENT OF SECURITY INTEREST - ALA. CODE § 7-9A-101, *et seq.*

23. RPG adopts and incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

24. Through the factoring arrangement with Butcher, RPG obtained a security interest in the right to payment under Butcher's accounts receivable with WKW.

25. By refusing to pay accounts receivable for which it received written notice, WKW is in default of its obligation to make payment to RPG for services performed by Butcher and delivered to and accepted by WKW for use by its customers.

26. Pursuant to Alabama's adoption of the Revised Uniform Commercial Code, Ala. Code 7-9A-601, and as a result of WKW's default, RPG has the right to enforce its security interest and reduce a claim for payment against RPG to judgment through "any available judicial procedure."

27. WKW owes $468,991.99 to RPG for services performed by Butcher and delivered to and accepted by WKW or its customers.

WHEREFORE, PREMISES CONSIDERED, WKW demands judgment against WKW in the amount of $468,991.99, plus interests, costs, attorneys' fees, and any other relief to which it may be entitled.

## COUNT THREE

### *QUANTUM MERUIT*

28. RPG adopts and incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

29. WKW knowingly accepted services rendered by Butcher, and the benefit and result thereof, with knowledge that RPG held the right to be paid for such services.

30. By accepting services of Butcher, WKW agreed to pay to RPG the value of those services rendered.

31. WKW has refused to pay the value of the services rendered by Butcher of $468,991.99.

WHEREFORE, PREMISES CONSIDERED, RPG demands judgment against WKW in the amount of $468,991.99, plus interests, costs, attorneys' fees, and any other relief to which it may be entitled.

## COUNT FOUR

### UNJUST ENRICHMENT

32. RPG adopts and incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

33. WKW accepted services performed by Butcher, and the benefit and result thereof, with knowledge that RPG held the right to be paid for such services.

34. By refusing to pay RPG the value of services performed by Butcher and delivered to and accepted by WKW or its customers, WKW retained money that in equity and good conscious should be paid to RPG.

WHEREFORE, PREMISES CONSIDERED, RPG demands judgment against WKW in the amount of $468,991.99, plus interests, costs, attorneys' fees, and any other relief to which it may be entitled.

Respectfully submitted,

SIMPSON, McMAHAN,
    GLICK & BURFORD, PLLC

*/s/ Howard K. Glick*
Howard K. Glick    ASB-1176-K64H
Daniel S. Weber    ASB-2468-c31i
Attorneys for RPG Receivables Purchase Group, Inc.

OF COUNSEL:
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, AL 35223-2468
Phone:    205.876.1600
Facsimile    205.876.1616
Email:    hkglick@smgblawyers.com
    dsweber@smgblawyers.com

**SERVE DEFENDANT VIA CERTIFIED MAIL**

**WKW ERBSLOEH NORTH AMERICA, LLC
C/O REGISTERED AGENT: CT CORPORATION
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, AL 36104**